**COMMONWEALTH OF PENNSYLVANIA,**
Appellant

v.

**Jamar R. BOWERS, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 2011.

Filed June 29, 2011.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellant.

Eric J. Taylor, Public Defender, Reading, for appellee.

BEFORE: GANTMAN, LAZARUS and MUNDY, JJ.

OPINION BY LAZARUS, J.:

The Commonwealth appeals from the judgment of sentence imposed in the Court of Common Pleas of Berks County, after appellee, Jamar R. Bowers ("Bowers"), pled guilty to driving under the influence of alcohol ("DUI") and maximum speed limits.[1] Because the trial court illegally sentenced Bowers as a first-time DUI offender in direct contravention of 75 Pa. C.S.A. § 3806(b) and binding precedent,

---

1. *See* 75 Pa.C.S.A. §§ 3802(a)(1) (general impairment) and (b) (high rate of alcohol), and 3362(a)(1) (maximum speed limits).

we vacate Bowers's judgment of sentence and remand for resentencing.

On September 5, 2008, the Commonwealth charged Bowers with two counts of DUI and the summary offense of careless driving.[2] On December 3, 2008, Bowers requested that the court accept him into an Accelerated Rehabilitative Disposition ("ARD"). On January 21, 2009, the court accepted Bowers into the ARD program for a 12–month period.

On June 13, 2009, while still enrolled in the ARD program, police stopped Bowers for speeding, and upon encountering Bowers, the officer observed the typical signs of intoxication. Bowers failed field sobriety tests administered by police, and subsequent blood analysis revealed a blood alcohol content of .118%. Consequently, the Commonwealth charged Bowers with two counts of DUI and the summary offense of maximum speed limits.

On August 5, 2009, the Commonwealth moved for Bowers to show cause as to why he should not be removed from ARD, having been arrested for DUI. On October 14, 2009, the court held a hearing on the Commonwealth's motion to terminate Bowers from ARD.[3] At the hearing, the Commonwealth sought to withdraw its request, in response to which Bowers requested that the court remove him from the ARD program. The court complied and removed him from the program. On November 20, 2009, Bowers appeared for trial on his September 2008 charges, at the close of which the court granted Bowers's motion for judgment of acquittal as to the two DUI charges and acquitted him of careless driving.[4]

On November 30, 2009, Bowers filed a motion seeking to amend the information involving the June 13, 2009 case to reflect that the instant DUI charges be graded as first offenses because of his acquittal on the September 2008 DUI charges. On February 3, 2010, the court held a hearing on the motion and, subsequently, by order dated March 3, 2010, denied same. Nevertheless, when Bowers pled guilty to the instant DUI charges on March 12, 2010, the court sentenced him, as a first-time DUI offender, to the mandatory-minimum sentence of 48 hours' incarceration, plus fines and costs.

The Commonwealth filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Pa.R.A.P. 1925(a) opinion. On appeal, the Commonwealth raises the following issue for our review:

> DID THE TRIAL COURT ERR BY FAILING TO SENTENCE BOWERS TO THE MANDATORY 30–DAY INCARCERATION PERIOD FOR HIS SECOND DUI OFFENSE, WHERE BOWERS DID NOT SUCCESSFULLY COMPLETE THE ARD PLACEMENT FOR HIS FIRST DUI OFFENSE?

Commonwealth's Brief, at 4.

The Commonwealth contends that the trial court erred by failing to sentence Bowers as a second-time DUI offender and that, consequently, the court's sentence was illegal. The Commonwealth relies on the plain language of Vehicle Code Section 3806(b) and *Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888 (1987) (*en banc*), *appeal denied*, 520 Pa. 586, 551 A.2d 213 (1988), for the

---

**2.** *See* 75 Pa.C.S.A. §§ 3802(a)(1) and (a)(2), and 3714(a).

**3.** The notes of testimony from this hearing are not a part of the certified record on appeal.

**4.** The notes of testimony from trial are not a part of the certified record.

proposition that ARD acceptance, alone, is sufficient to trigger the DUI sentencing enhancements. Accordingly, because Bowers accepted ARD for his first DUI arrest, he was a second-time offender for sentencing pursuant to Section 3806(b), despite his acquittal of the charges leading to his ARD acceptance. We agree.

■ A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. *Commonwealth v. Sanchez,* 848 A.2d 977, 986 (Pa.Super.2004). A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. *Commonwealth v. Graeff,* 13 A.3d 516, 517 (Pa.Super.2011). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Stevenson,* 850 A.2d 1268, 1271 (Pa.Super.2004) (*en banc* ). "We can raise and review an illegal sentence *sua sponte.*" *Commonwealth v. Muhammed,* 992 A.2d 897, 903 (Pa.Super.2010). When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law. *Commonwealth v. Johnson,* 910 A.2d 60, 66 (Pa.Super.2006), *appeal denied,* 592 Pa. 766, 923 A.2d 1173 (2007).

The relevant statutory provisions at issue in this case are as follows:

§ 3804. **Penalties**

. . .

(b) **High rate of blood alcohol; minors; commercial vehicles and school buses and school vehicles; accidents.**—Except as set forth in subsection (c), an individual who violates section 3802(a)(1) where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property or who violates section 3802(b), (e) or (f) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 48 consecutive hours;

(ii) pay a fine of not less than $500 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(2) For a second offense, to:

(i) undergo imprisonment of not less than 30 days;

(ii) pay a fine of not less than $750 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(b)(1) and (2).

§ 3806 **Prior offenses**

(a) **General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, *acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, ***acceptance of Accelerated Rehabilitative Disposition*** or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806 (emphasis added).

In *Becker, supra,* police charged appellee with DUI in January 1984 under the now-repealed Drunk Driving Act. *See* 75 Pa.C.S.A. § 3731, *repealed by* 2003, Sept. 30, P.L. 120, No. 24, § 14, effective February 1, 2004. In particular, Section 3731(e)(2), provided that "Acceptance of [ARD] . . . shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction." 75 Pa.C.S.A. § 3731(e)(2). Appellee accepted placement into ARD in August 1984 and less than one week later, on September 5, 1984, police arrested and charged him with another DUI. He pled guilty to the September DUI in January 1985, and the court sentenced him as a first-time DUI offender. The Common-

wealth appealed, alleging that appellee, who had accepted ARD for his January 1984 DUI arrest, was a second-time offender.

An *en banc* panel of this Court reviewed Section 3731(e)(2), and finding its terms unambiguous, held "a defendant who is convicted of drunk driving after having accepted ARD to avoid prosecution for an earlier drunk driving charge must be sentenced as a repeat offender-whether or not he has ever completed the ARD program." *Becker,* 530 A.2d at 893. In so holding, this Court stated:

> One significant consequence of § 3731(e)(2) is that a defendant who is guilty of only one crime will be sentenced as though he had twice broken the law. In the instant case, Becker has not yet been tried for allegedly driving while intoxicated in January, the first charge. If ARD is revoked, he will stand trial on this charge, and he may well be found not guilty. *Nevertheless, for purposes of § 3731(e)(2), whether a defendant was guilty or innocent at the time he accepted ARD is **irrelevant**. All that matters is that he be duly convicted on a subsequent occasion.*
>
> This may be a harsh result, but it is a result which is mandated by the language and policy of the Vehicle Code. The General Assembly demonstrated a special concern with the ARD program, and sought to ensure that both guilty and innocent participants in that program would have cause to reflect on the serious nature of the crime of drunk driving.

*Id.* at 891–92 (emphasis added).

█ The terms of Section 3731(e)(2), under which *Becker* was decided, were substantially similar to current Section 3806(a), which provides that "the term 'prior offense' as used in this chapter shall

mean a conviction, ... [or] acceptance of [ARD]." In *Commonwealth v. Pleger*, 934 A.2d 715 (Pa.Super.2007), this Court concluded that "[S]ections 3806(a) and (b) indicate, similar to the previous statutory framework, that ARD is to be considered a prior offense for purposes of determining penalties for repeat DUI infractions." *Id.* at 717. In *Commonwealth v. Love*, 957 A.2d 765 (Pa.Super.2008), this Court concluded that Section 3806 is free from any ambiguity and that, per *Becker*, "mere acceptance of ARD" constitutes a DUI conviction for purposes of Section 3806(b). *See id.* at 769–70. In other words, a defendant who has accepted ARD within the ten years preceding his present DUI violation is a repeat DUI offender for Section 3806(b) sentencing purposes. *See Love, supra;* 75 Pa.C.S.A. § 3806(b).

■ As applied to the facts *sub judice*, Bowers accepted placement into ARD on January 21, 2009 due to September 5, 2008 DUI charges. Police then arrested him on June 13, 2009, and charged him with two counts of DUI. Bowers pled guilty and the court sentenced him for the June offense on March 12, 2010. At that time, Bowers was a second-time offender, having accepted ARD in January 2009 within ten years of the present offense. Therefore, Bowers was subject to the enhanced penalty provisions of Section 3804(b)(2), namely, a mandatory-minimum sentence of 30–days' imprisonment. The trial court, however, sentenced Bowers as a first-time DUI offender to 48 hours' imprisonment. In so doing, the trial court erred as a matter of law in sentencing Bowers and, therefore, its sentence was illegal. We are, thus, compelled to vacate Bowers's judgment of sentence and remand this case to the trial court to impose a sentence consistent with that of a second-time DUI offender in accordance with Section 3804(b)(2). *See Muhammed,* 992 A.2d at 903 ("If no statu-

tory authorization exists for a particular sentence, that sentence is illegal[.]").

In so ruling, we acknowledge Bowers's acquittal of the underlying charge leading to his ARD acceptance. We, however, find highly persuasive the conclusion and reasoning of *Becker*, an *en banc* opinion by this Court, interpreting essentially the same statute. There, in concluding that appellee was a second-time DUI offender, we stated, "whether a defendant was guilty or innocent at the time he accepted ARD is irrelevant." *Id.* at 892. Thus, the fact that Bowers was ultimately innocent of the charges leading to his ARD acceptance does not dictate whether he was a first-time DUI offender for sentencing purposes, since the eventual disposition of those charges is irrelevant.

This determination is not only consistent with *Becker;* it is consistent with the plain language of Section 3806(b). *See Commonwealth v. Segida,* 604 Pa. 103, 108, 985 A.2d 871, 874 (2009) ("[T]he best indication of legislative intent is the plain language of the statute."). Section 3806(b), by its clear terms, only asks whether the defendant has accepted ARD in the ten years preceding the occurrence of the present Section 3802 offense; it does not contemplate the guilt or innocence of a defendant at the time of ARD acceptance. *See* 75 Pa.C.S.A. § 3806(b). Any other interpretation of Section 3806(b) by this Court would require us to deviate from the statute modifying this clear directive from our General Assembly, which we cannot do. Having determined that Bowers was a second-time DUI offender, we write further to address two arguments made by Bowers in support of affirmance: (1) that considering Bowers a second-time offender despite his acquittal violates the United States and Pennsylvania Constitutions, and (2) that his acquittal of the charges giving rise to his initial

ARD acceptance nullified his ARD acceptance.

Bowers asserts that, given his acquittal, the double jeopardy clauses of the state and federal constitutions and the related doctrine of collateral estoppel precludes our determination that he was a second-time offender.[5] Bowers also lodges equal protection and due process claims. We address each of his constitutional claims *ad seriatim.*

■ "The rights of double jeopardy have been described as freedom from harassment of successive trials and the prohibition against double punishment." *Commonwealth v. Barger,* 956 A.2d 458, 461–62 (Pa.Super.2008), *appeal denied,* 602 Pa. 655, 980 A.2d 109 (2009) (internal quotation marks omitted), *citing Commonwealth v. States,* 595 Pa. 453, 458, 938 A.2d 1016, 1019 (2007). Collateral estoppel bars "successive litigation of an issue of fact or law that is actually litigated and determined by a valid and final judgment, and is essential to the judgment." *See Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1193, 25 L.Ed.2d 469, 475 (1970); *States,* 595 Pa. 453, 458, 938 A.2d 1016, 1020 (2007) ("Collateral estoppel ... does not automatically bar subsequent prosecutions[,] but does bar redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding which has become a final judgment."), *citing Commonwealth v. Smith,* 518 Pa. 15, 25, 540 A.2d 246, 251 (1988).

■ Here, the Commonwealth does not seek to burden Bowers with successive trials or double punishment; nor does the Commonwealth seek to relitigate Bowers's DUI acquittal. Instead, the Commonwealth asks that we remand this case for the trial court to apply the enhanced penalty provisions pursuant to Section 3806(b) for this DUI conviction, based on Bowers's earlier ARD acceptance, not his DUI acquittal. For these reasons, his arguments, based on the principles of double jeopardy and the collateral estoppel doctrine, are unavailing.

■ So too must Bowers's equal protection claim fail. That claim is nothing more than a bald allegation of a constitutional violation unsupported by any argument. Therefore, we deem this claim waived. *See Commonwealth v. Farmer,* 758 A.2d 173, 181 (Pa.Super.2000), *appeal denied,* 565 Pa. 637, 771 A.2d 1279 (2001) (finding argument waived where appellant failed to sufficiently develop it). In any event, in *Commonwealth v. Shawver,* 18 A.3d 1190, 2011 PA Super 57 (2011), this Court rejected appellant's claim that Section 3806's classification scheme violated his constitutional right to equal protection by unfairly treating him as a second-time offender because he accepted ARD for his first DUI. *Id.* at ¶ 22; *see also* U.S.C.A. Const. Amend. 14; 75 Pa.C.S.A. § 3806. In so ruling, the Court reasoned that Section 3806(b) was rationally related to Pennsylvania's legitimate interests in promoting public safety, reducing recidivism and preventing offenders from committing subsequent DUI offenses after intervention and an opportunity to reform. *Id.*

■ Bowers's due process argument is similarly shallow. Bowers asserts "using a DUI for which [he] had been acquitted as

---

5. The protections afforded by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, are coextensive in origin with the protections provided by the Double Jeopardy Clause of the Pennsylvania Constitution. *See* Pa. Const. art. 1, § 10; *Commonwealth v. Borrin,* 12 A.3d 466, 472 n. 2 (Pa.Super.2011) (*en banc* ), *citing Commonwealth v. Sojourner,* 513 Pa. 36, 45 n. 6, 518 A.2d 1145, 1149 n. 6 (1986).

if [he] had been found guilty would shock the conscience and stand the Due Process Clause on its head." Appellee's Brief, at 17. First, it is not as if Bowers's DUI acquittal is now transformed into a guilty verdict. Rather, Section 3806(b) mandates that Bowers's ARD acceptance—which occurred before his acquittal—be deemed a prior offense, or in order words a sentencing enhancement, for future DUI sentencing purposes. Despite being properly sentenced to harsher penalties on this DUI conviction, due to his earlier ARD acceptance, Bowers still remains innocent of the September 2008 DUI charges. These propositions are not mutually exclusive.

In *Commonwealth v. Scheinert,* 359 Pa.Super. 423, 519 A.2d 422 (1987), *appeal denied,* 517 Pa. 606, 536 A.2d 1330 (1987), this Court held that the similarly constructed Section 3731(e)(2) was not so fundamentally unfair as to violate due process of law under the Fourteenth Amendment of the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution. *Id.* at 425. We specifically rejected appellant's analogous argument that fundamental fairness precluded a prior charge from being considered a conviction for sentencing purposes without the charge having resulted in an adjudication of guilt and judgment of sentence. In so doing, we cited the voluntary nature of the ARD program and the requisite notice of its collateral consequences afforded to defendants before accepting it. *Id.*

Likewise, Section 3806(b) adequately notifies defendants, like Bowers, that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.[6] Furthermore, like Scheinert, Bowers voluntarily entered the ARD program to avoid prosecution on his first DUI charges. These factors—advanced notice and voluntary ARD acceptance—support our determination that due process permits treating Bowers's ARD acceptance as a prior offense in a subsequent sentencing proceeding, despite a later acquittal on the underlying charge giving rise to ARD acceptance. Nor, for the other reasons stated, do we conclude that any of Bowers's other constitutional arguments preclude the same.

Moreover, our disposition of this case is not so shocking or absurd, especially when viewed in light of other considerations properly made by a judge at sentencing. A judge may consider unadjudicated arrests in sentencing a defendant, so long as the arrests are not regarded as establishing criminal conduct, and even arrests that result in acquittals, if the judge is aware of the acquittal. *See Scheinert, supra,* at 427 (Kelly, J., concurring; Cavanaugh, J., joining); *Commonwealth v. Craft,* 304 Pa.Super. 494, 450 A.2d 1021, 1024 (1982); *Commonwealth v. Straw,* 238 Pa.Super. 535, 361 A.2d 427 (1976); *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 334 A.2d 722 (1975); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973), *affirmed,* 462 Pa. 342, 341 A.2d 111 (1975). Similarly, a sentencing judge may also consider a defendant's *participation* in the ARD program as an appropriate sentencing factor, so long as the sentencing judge does not regard it as evidencing criminal conduct. *See Commonwealth v. Knepp,* 307 Pa.Super. 535, 453 A.2d 1016, 1019 (1982). These sentencing factors, like

---

6. In fact, Bowers demonstrated his understanding that an ARD disposition qualified as a prior DUI offense when, shortly after his June DUI arrest, and while still enrolled in the ARD program, he completed an application for the county intermediate punishment program for *second time DUI offenders;* and answered that he had committed a prior DUI offense. *See* Second Time Offender—Intermediate Punishment Program Application, 8/17/2009, at 1.

ARD acceptance, are also detached from the question of a defendant's guilt or innocence, but are nonetheless appropriate sentencing factors for the court's consideration upon conviction of a later crime.

Indeed, even a defendant who *completes* ARD and is later convicted of DUI must be sentenced as a repeat offender. *See Commonwealth v. Wagner*, 352 Pa.Super. 295, 507 A.2d 1237 (1986); *Commonwealth v. Potts*, 352 Pa.Super. 299, 507 A.2d 1239 (1986). While that defendant, like Bowers, was never proven guilty of DUI, we recognized that, per Section 3731(e)(2), a defendant who had been convicted of only one crime may be sentenced as if he were guilty of two. *See Becker*, at 891–92.

The General Assembly, in drafting Section 3806(b), has even defined unspecified forms of preliminary dispositions as prior DUI offenses under Section 3806(b). This clearly reflects that the General Assembly, in drafting Section 3806(b), was less concerned with the underlying guilt or innocence of a DUI arrestee accepting ARD or other form of preliminary disposition, and more concerned with ensuring that those who persist in driving drunk are punished with greater severity.[7] For these reasons, our disposition does not cause an absurd or unreasonable result unintended by our General Assembly. *See* 1 Pa.C.S.A. § 1922(1) (recognizing that legislature, in enacting a statute, does not intend absurd or unreasonable result).

Lastly, we address Bowers's claim that his withdrawal from ARD and acquittal nullified his early ARD acceptance. For this proposition, Bowers cites two recent cases, *Commonwealth v. Zampier*, 952 A.2d 1179 (Pa.Super.2008) and *Commonwealth v. Love*, 957 A.2d 765 (Pa.Super.2008).

In *Zampier*, this Court held that when an appellant accepts ARD, but is subsequently revoked from the program and convicted, the conviction and not ARD acceptance is to be considered as the prior offense for Section 3806(b) look-back purposes. There, appellant accepted ARD on April 18, 1996 because of a drunk-driving charge; his ARD was later revoked for unknown reasons. Appellant then pled guilty and the court sentenced him in 1997. In 2006, police charged appellant with another DUI, and he was subsequently convicted and sentenced as a second-time offender in 2007.

On appeal, we rejected appellant's claim that it was his ARD acceptance, which occurred outside the ten-year look-back period, that counted as his prior DUI offense. This Court reasoned that "it is as if appellant had never participated in the ARD program once he was expelled and later pled guilty to the 1995 infraction." *Id.* at 1182. Bowers now cites this language to assert that his withdrawal from the ARD program and subsequent acquittal meant that his ARD acceptance never occurred. We disagree.

*Zampier* is readily distinguishable from this case, as none of the events underlying this appeal occurred outside of Section 3806(b)'s ten-year look-back period. Thus, while *Zampier* dealt with the interaction between ARD acceptance dates and conviction dates for Section 3806(b)'s look-back period, here there is no timing issue with respect to any of Bowers's DUI offenses. Furthermore, in *Zampier*, appellant's ARD was revoked *before* his second DUI offense occurred, a fact that was integral to the *Zampier* Court's disposition, and its reasoning that it was as if ARD

---

7. *See Commonwealth v. Haag*, 603 Pa. 46, 52 n. 7, 981 A.2d 902, 906 n. 7 (2009) ("[I]t is clear … that 'other form of preliminary disposition' refers to some form of judicial sanction or treatment.").

**358**

had never occurred. Conversely, here, Bowers's ARD withdrawal came *after* and *because of* his second DUI offense. Because of this fact and the overall dissimilarities between the two cases, we decline to extend *Zampier's* reasoning to the instant case.[8]

By accepting ARD, Bowers avoided prosecution for his first DUI arrest with the understanding that if he violated the ARD conditions he would face trial and that by accepting ARD it counted toward any subsequent sentencing on any DUI conviction occurring within ten years. While enrolled in the program, police charged him with DUI, evidencing his inability to reform, and further justifying his treatment as a second-time offender for sentencing purposes in this case. This is so regardless of the fact that it was Bowers who sought removal from the ARD program in order to proceed to trial, since it was not until Bowers's second DUI arrest, a violation of his ARD, that he chose to do so. To conclude that Bowers's mere withdrawal from ARD served to nullify his earlier ARD acceptance would reward him for his gamesmanship and invite an undesired result of encouraging defendants to manipulate the system. Such a result cannot be condoned by this Court in light of the plain language of Section 3806(b) and the case law addressing ARD cited herein.

In sum, ARD acceptance qualifies as a prior DUI offense for purposes of sentencing on a future DUI conviction, 75 Pa. C.S.A. § 3806(b), despite the fact that the defendant was ultimately acquitted of the DUI charges leading to his or her ARD acceptance. Because Bowers had previously accepted ARD within the ten years preceding the instant DUI offense, he was a second-time DUI offender and subject to the penalty provisions provided by Section 3804(b)(2). The trial court erred as a matter of law by sentencing Bowers as a first-time offender in accordance with Section 3804(b)(1). Thus, the court's sentence is illegal and must be vacated. *See Muhammed, supra.*[9]

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Opinion. Jurisdiction relinquished.

---

**8.** This case is actually more similar to *Love, supra*, where appellant's ARD revocation came after and because of his second DUI arrest. There, we concluded that appellant's ARD acceptance, which occurred before the date of his second offense, was to be considered for Section 3806(b), rather than the date appellant was convicted of the first offense following ARD revocation, as was done in *Zampier. Id.* at 776. In so doing, the *Love* Court also distinguished *Zampier* on the basis that appellant's ARD revocation came before his second DUI arrest and not because of it. *Id.* at 771. Notably, in using appellant's ARD acceptance, and not conviction following revocation, as the relevant look back offense, we implicitly declined to conclude, as we did in *Zampier*, that appellant's ARD revocation and conviction had somehow rendered appellant's earlier ARD acceptance as though it had never occurred. *See id.*

**9.** We do not decide herein the case where a defendant accepts ARD, voluntarily withdraws from ARD, and at some point in the future is arrested for another DUI and convicted. We leave that for future study.