J-A30022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID TATE | |
| Appellant | No. 2725 EDA 2013 |

Appeal from the Judgment of Sentence September 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006069-2011

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 17, 2014**

Appellant, David Tate, appeals from the September 13, 2013 aggregate judgment of sentence of eight and one-half to 17 years' imprisonment, after he entered an open guilty plea to one count each of firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of firearm prohibited.[1]  After careful review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> On January 8, 2011, in the City and County of Philadelphia, [Appellant] was stopped in his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 6108, and 6105(a)(1), respectively.

automobile on 11th and Thompson Street. [Appellant] was observed attempting to hide a .40 caliber Glock handgun between the console and the front passenger seat. The handgun was loaded with 15 live rounds and a ballistics test determined the weapon to be operable. As a result of a prior murder conviction, [Appellant] was ineligible to possess a firearm.

Testimony elicited during the sentencing hearing provided th[e trial] court with a sufficient understanding of [Appellant], his crimes, and his personal background, so that a proper sentence could be fashioned, one which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim, and the community, and the rehabilitative needs of [Appellant].

Trial Court Opinion, 2/25/14, at 2.

On June 9, 2011, the Commonwealth filed an information charging Appellant with the above-mentioned offenses. On September 5, 2012, Appellant entered an open guilty plea to all charges. On February 6, 2013, the trial court imposed an aggregate sentence of eight and one-half to 17 years' imprisonment. Specifically, the trial court sentenced Appellant to three and one-half to seven years' imprisonment for firearms not to be carried without a license and five to ten years' imprisonment for possession of a firearm prohibited, with both sentences to run consecutively to each other. The trial court imposed no further penalty for carrying firearms in public in Philadelphia. On February 15, 2013, Appellant filed a timely post-sentence motion. On February 19, 2013, Appellant filed an untimely supplemental post-sentence motion. On March 19, 2013, the trial court

entered an order vacating Appellant's sentence and scheduling a hearing.[2] The trial court conducted a resentencing hearing on September 13, 2013, at the conclusion of which the trial court re-sentenced Appellant to the same sentence it had imposed on February 6, 2013. On September 20, 2013, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant presents the following issue for our review.

> Did the [trial] court abuse its discretion in sentencing [Appellant] in the aggravated range of the sentencing guidelines by improperly emphasizing conduct for which [Appellant] had been acquitted and conduct for which [Appellant] had been charged but not yet convicted, while not giving proper weight to [Appellant]'s positive conduct, background, work history and family support, resulting in a manifestly excessive sentence for the crime of gun possession?

Appellant's Brief at 4.

_____

[2] We note the language of the trial court's order is confusing. The trial court's order states the following.

> AND NOW, this 19th day of March, 2013, after consideration of the Order Vacating Denial of Motion for Reconsideration of Sentence by the Attorney for the Defendant it is ORDERED that the Order Vacating Denial of Motion For Reconsideration of Sentence is GRANTED.
>
> Listed for status on 5/17/13 in courtroom 608. …

Trial Court Order, 3/19/13, at 1. Given the procedural posture of this case, after the trial court filed this order, we believe the trial court meant to vacate Appellant's sentence pending a hearing on his post-sentence motion.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 3 -

We first note that Appellant's sole issue on appeal pertains to the discretionary aspects of his sentence. *See* Appellant's Brief at 7. It is axiomatic that in this Commonwealth "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted). In order to reach the merits of a discretionary sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a [post-sentence motion], Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

In the case *sub judice*, Appellant has filed a timely notice of appeal and has included a Rule 2119(f) statement in which he raises two distinct sub-issues. First, Appellant argues that the trial court abused its discretion

by "fail[ing] to give proper consideration to the mitigating evidence of [Appellant]'s work and family history." Appellant's Brief at 7. Second, Appellant avers the trial court abused its discretion by improperly considering conduct for which he had been charged but not convicted and conduct for which he had been acquitted. *Id.*

Appellant's first argument regarding the trial court's failure to consider certain mitigating circumstances was not presented to the trial court at either sentencing proceeding or in any of the post-sentence motions he filed.[4] Therefore, we deem this argument waived on appeal for failure to preserve it below. *See Trinidad*, *supra*. Appellant's remaining issues concerning the trial court's alleged consideration of acquitted and charged conduct were raised at one of the sentencing proceedings below. *See* N.T., 2/6/13, at 6, 40-45; N.T., 9/13/13, at 16. As a result, we proceed to

_____

[4] We disagree with the Commonwealth's assertion that Appellant was required to file another post-sentence motion within ten days of being resentenced. *See* Commonwealth's Brief at 7, 7 n.6. As Appellant was given the exact same sentence, his arguments on appeal necessarily complain about the discretionary aspects of that same sentence. Therefore, we may consider any argument raised on the record at either sentencing proceeding or in Appellant's first timely post-sentence motion. *See, e.g.*, Pa.R.Crim.P. 720, *cmt.* (stating, "[o]nce a sentence has been modified or reimposed pursuant to a motion to modify sentence under paragraph (B)(1)(a)(v) … a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, as long as the issue was properly preserved at the time sentence was modified or reimposed[]").

determine whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *See Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

In the case *sub judice*, Appellant avers that the trial court improperly considered conduct for which Appellant had been acquitted, and conduct for which Appellant had been accused but not convicted. Appellant's Brief at 7. We conclude that these allegations of the trial court considering improper factors raise a substantial question for our review. *See Commonwealth v. Dowling*, 990 A.2d 788, 792 (Pa. Super. 2010) (stating, "[a]ppellant's claim the trial court relied on an improper factor raises a substantial question permitting review[]") (citation omitted). We will therefore proceed to review the merits of Appellant's two remaining sub-issues.

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted).

In this case, Appellant alleges that the trial court improperly took into account conduct of Appellant for which he was never convicted.

> Here, at sentencing, the [trial] court overemphasized two separate instances of unproven criminal conduct on the part of [Appellant] that should not have been at issue in this case. First the [trial] court weighed heavily the evidence of an arrest for [Appellant]'s alleged assistance in a straw purchase of a firearm. However, the charges against [Appellant] were dismissed by a judge at a preliminary hearing, as the evidence against him was so incredibly lacking. Second, the [trial] court considered a pending case against [Appellant] for an alleged stabbing. [Appellant] had not been convicted of any offense related to that incident at the time of sentencing.

Appellant's Brief at 8-9 (internal citations omitted). As a general matter, this Court has explained that "[a] judge may consider unadjudicated arrests in sentencing a defendant, so long as the arrests are not regarded as establishing criminal conduct, and even arrests that result in acquittals, if

the judge is aware of the acquittal." ***Commonwealth v. Bowers***, 25 A.3d 349, 356 (Pa. Super. 2011), *appeal denied*, 51 A.3d 837 (Pa. 2012).

At the first sentencing hearing, Appellant objected to the trial court considering a video surveillance tape showing his presence in a gun store. N.T., 2/6/13, at 25. The video shows Appellant assisting someone in making a straw purchase of a gun. *Id.* According to the Commonwealth, "[t]hree days later … [the gun was] found on the bathroom floor at the Beaumont Lounge … [a]nd [Appellant] is outside that door." *Id.* Also, the Commonwealth pointed to an incident involving a stabbing, and showed a photograph of the complainant "patched up and hooked up to tubes[.]" *Id.* at 41. Appellant argues it is the consideration of this evidence that entitles him to resentencing. Appellant's Brief at 8-9.

However, the trial court noted that it did not consider any of the above-mentioned evidence as criminal conduct. Trial Court Opinion, 2/25/14, at 5-6. Specifically, the trial court explained the rationale for its sentence as follows.

> [T]his court clearly indicated–on the record–after a lengthy sentencing hearing what was and was not consider[ed] when fashioning a sentence for [Appellant]. Specifically, in reference to the video from the firearms dealer and [the] open aggravated assault case, this court stated:
>
> > THE COURT: It's not a question of criminal violation; he's on bail for having a .40 [c]aliber gun illegally, because he can't have a gun. So he goes into the gun shop and he helps somebody purchase it. It's not a question of if

he violated the law per se by going in there. But, perhaps, that somebody–and you are arguing it's only for protection, and he's a good person, I'm hearing all that. There is a dichotomy here, and we will deal with that at the end. But, he goes into the gun shop and helps somebody purchase a gun.

MR. HETZNECKER (Defense Counsel): Bad judgment. I agree.

THE COURT: Well, that goes to the issue of sentencing and character. And you are asking me to take into account, which I should, all the good things he's done. All the help he has done. I heard from the stepfather and mother, all the thing he does for the family. I can also take into account that an individual with a prior murder conviction for shooting somebody, and [who] is facing a very serious gun possession case, while on bail in that case, went into a gun shop with somebody.

MR. HETZNECKER: If that is the extent of it without the other background information. Now you do have the background information. What I did not appreciate was that the Commonwealth presenting a snapshot which was an inaccurate portray [sic] on the case presented at trial, including the fact that the motion to suppress, outside the Beaumont Lounge was granted.

THE COURT: I'm not interested in the Beaumont Lounge issue. What was relevant is that he was in a gun shop and assisting somebody in purchasing a gun, which is not a violation of the law and is not here to be considered a criminal act, but as an issue of character and behavior and conduct while on bail.

[…]

> THE COURT: I don't know what drives you, I don't know what happened to you in the past. I read the mental health, read the presentence report, all of this is a tragedy. Tragedy for you, your family and the community. But the gun violence is also a tragedy for people. I don't know why you didn't learn from the murder conviction, I don't know why, despite other incidents before my case you didn't learn. I hope that you will learn from this, but really it's up to you, and I hope that when you come out, you will understand that you got to walk away from criminal behavior. If someone angers you, you have to walk away. You can't have anything else to do with guns. In your car, in a house, on the street, in the gun shop, or anything else. Because of your background and because of what occurred, guns are toxic to you, radioactive. And you cannot be around guns. Mr. Hetznecker made a very eloquent argument on your behalf. *The problem is that your history is the problem. And I think you understand that. And that's the basis of my sentence. I considered the presentence, mental health, prior record score, arguments of counsel, letters that were presented and the appropriate and relevant evidence about what occurred before. I did not consider the Beaumont Lounge, that was a not guilty, and that's not the issue and the car incident is only for the fact that the parole board did violate you, and you were in a car with guns. And, in terms of your current case, that's only an issue regarding your being on bail at the time, getting arrested.*

Trial Court Opinion, 2/25/14, at 5-6, *quoting* N.T., 2/6/13, 35-36, 57-58 (emphasis in original).

After careful review, we conclude Appellant is not entitled to relief. Our review of the sentencing hearing reveals that the trial court did not

- 10 -

consider either incident "as establishing criminal conduct[.]" ***Bowers***, ***supra***. Furthermore, consistent with ***Bowers***, the trial court was made aware of, and acknowledged, Appellant's acquittal. Furthermore, as to Appellant's pending case, the trial court stated that it was only considering its existence to show that Appellant was arrested while he was released on bail for the case at bar. Trial Court Opinion, 2/25/14, at 6. There is no indication that the trial court based the instant sentence on any actual acquitted charge or uncharged criminal conduct. As a result, we conclude the trial court did not abuse its discretion in sentencing Appellant in this case. ***See Raven***, ***supra***.

Based on the foregoing, we conclude Appellant's sole issue on appeal does not entitle him to relief. Accordingly, the trial court's September 13, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2014