J-S13023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES OWEN MCKAHAN | |
| Appellant | No. 871 WDA 2015 |

Appeal from the Judgment of Sentence entered May 20, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000147-2015

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 13, 2016**

Appellant, Charles Owen McKahan, *pro se* appeals from the judgment of sentence the Court of Common Pleas of Fayette County entered May 20, 2015. Appellant argues the sentencing court improperly graded the offense for which he was convicted. Upon review, we affirm.

The trial court summarized the relevant factual and procedural background as follows:

> On September 10, 2014, Officer Thomas O'Barto with the Masontown Police Department observed Appellant operating a motorcycle onto a one way street, going to wrong way. After Officer O'Barto pulled Appellant over, he checked Appellant's license and registration. Appellant's license was suspended for a

---

[*] Former Justice specially assigned to the Superior Court.

prior DUI offense and the registration on the motorcycle expired in 2011.

Officer O'Barto then noticed that Appellant's speech was slurred and he could not stand without swaying. Appellant failed multiple sobriety checks and told Officer O'Barto he had several drinks. Officer O'Barto then informed Appellant to comply with a breath test, . . . which Appellant refused.

Trial Court Opinion, 7/30/15, at 2.

On April 2, 2015, Appellant . . . entered a "general" or "open" plea to [d]riving under the influence – general impairment; [d]riving while [l]icense [s]uspended, DUI [r]elated; [d]riving an unregistered vehicle, and [d]riving the [w]rong [w]ay.[1] On Count 1 [DUI-General impairment, refusal], Appellant was sentenced to a term of imprisonment of not less than eighteen (18) months nor more than five (5) years. On Count 2 [driving while license is suspended], Appellant was sentenced to a term of imprisonment of ninety (90) days, to run consecutive to Count 1. [No further penalties were imposed on Counts 3 and 4. This appeal followed.]

*Id.* at 1-2 (footnotes omitted).

Appellant argues the sentencing court erred in considering as a "prior offense" a crime that occurred after the one for which he was being sentenced. Specifically, according to Appellant, the trial court should not have considered his conviction at trial court docket number 2283 of 2014 (an offense that occurred on December 21, 2014) in fashioning his sentence in the instant matter, trial court docket number 147 of 2015 (an offense that occurred on September 10, 2014). Appellant's Brief at 1.

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 1543(b)(1), 1301(a); and 3308(b), respectively.

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. . . . When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa. Super. 2011) (citations omitted).

For purposes of grading and sentencing under the DUI statute, a "prior offense" is considered to be any conviction "within the ten years *before the present violation occurred*." 75 Pa.C.S.A. § 3806(b) (emphasis added).[2]

_____

[2] Section 3806 reads as follows:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>> (2) an offense under former section 3731;
>> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).
>
> **(b) Repeat offenses within ten years.--**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

*(Footnote Continued Next Page)*

Appellant was convicted and sentenced for a qualified DUI offense at docket number 2283 of 2014 on January 15, 2015, post-dating the present violation, which occurred on September 10, 2014. Accordingly, to the extent it did so,[3] the trial court erred in considering the conviction at docket 2283 of 2014 as a "prior offense" for purposes of the DUI statute. **See Commonwealth v. Haag**, 981 A.2d 902 (Pa. 2009).

However, even if the instant conviction was not his fourth conviction for purposes of Section 3806, but only his third, the sentence imposed here would be still legal as it complies with the sentencing mandatory requirements. Indeed, the minimum sentence imposed on Appellant (18 months) was correct, regardless of whether the instant offense constitutes his third or fourth "prior offense." **See** 75 Pa.C.S.A. § 3804(c)(3)(i) ("An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be

_(Footnote Continued)_ ───────────

> (1) an offense under section 3802;
> (2) an offense under former section 3731;
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806 (version effective at the time of offense and sentencing).

[3] It is unclear whether the trial court considered the sentence imposed at 2283 of 2014 as a "prior offense," as defined in Section 3806(b).

- 4 -

sentenced as follows: . . . For a third or subsequent offense, to . . . undergo imprisonment of not less than one year[.])"

It should also be noted that "[t]he [Vehicle Code] provisions relating to prior offenses in § 3806 do not dictate the defendant's guideline sentence range, only the minimum that he *must* serve." **Commonwealth v. Cook**, 941 A.2d 7, 13 (Pa. Super. 2007) (emphasis in original) (quoting **Commonwealth v. Pleger**, 934 A.2d 715, 718 (Pa. Super. 2007)). "DUI offenses within the statutory look back period serve only to trigger the mandatory minimum sentence provision of 75 Pa.C.S.A. § 3804. It is still necessary to calculate and apply a prior record score under the Pennsylvania Code." **Id.** Here, the trial court sentenced Appellant in the standard range of the sentencing guidelines based on the court's review of the facts and Appellant's characteristics as shown in the presentence investigation report. Trial Court Opinion, 7/30/15, at 4. We also note that the presentence investigation report shows that the conviction at docket number 2283 of 2014 was **not** included in the computation of Appellant's prior record score (PRS), **see id.**, Appendix, and that the trial court took into account for sentencing purposes only the four most recent DUI convictions (excluding, as mentioned, the conviction at docket number 2283 of 2014).[4] Thus,

_____

[4] The presentence investigation report shows two additional DUI convictions from 1999. It appears the trial court did not consider said convictions for sentencing purposes. N.T. Sentencing, 5/20/15, at 3-4. It should be noted,
*(Footnote Continued Next Page)*

whether Appellant's challenge is deemed to be a challenge to the grading of the offense or a challenge to the determination of his PRS, the challenge is without merit.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016

---

*(Footnote Continued)*

however, that for purposes of determining Appellant's prior record score, prior DUI convictions (with the exclusion of the first one, *see* 204 Pa.Code 303.7(a)(4)), including those imposed outside the ten-year look-back period, should be accounted in the calculation of a PRS. *See Commonwealth v. Cook*, 941 A.2d 7 (Pa. Super. 2007).

[5] While this appeal was pending, Appellant filed with this Court an application for bail pending appeal. In light of the disposition of this matter, said application is denied. *See* Pa.R.A.P. 1762; Pa.R.Crim.P. 521(B).