J-S76016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :         PENNSYLVANIA
    :
    v.        :
    :
    :
    :
JEROYD P. CONYERS,    :
    :
    Appellant.    :   No. 388 WDA 2018

Appeal from the Judgment of Sentence, February 12, 2018,
in the Court of Common Pleas of Butler County,
Criminal Division at No(s):  CP-10-CR-0000683-2013,
CP-10-CR-0000684-2013, CP-10-CR-0000685-2013,
CP-10-CR-0000686-2013, CP-10-CR-0001004-2013.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED MARCH 15, 2019**

Jeroyd P. Conyers appeals *pro se* from the judgment of sentence imposed after he entered guilty pleas to drug offenses and a firearm violation on five separate criminal dockets.  We affirm.

This case has a long, complicated history, which has resulted in multiple appeals to this Court.  We have summarized the relevant details as follows:

In 2013, Conyers entered open guilty pleas on five dockets for various drug and firearm violations.  The trial court originally imposed an aggregate sentence of 12 to 24 years of incarceration.  Conyers did not file an appeal.

In 2014, Conyers filed a timely PCRA petition.[1]  The PCRA court dismissed this petition and this Court affirmed the dismissal.  In a subsequent *pro se* PCRA petition, Conyers challenged the legality of his sentence under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).  By agreement, the PCRA court granted this petition and, in 2016, resentenced Conyers to an aggregate 11½ to 24 years of incarceration.

Conyers filed a *pro se* appeal even though counsel still represented him at that time.  Eventually, this Court remanded for a ***Grazier*** hearing.[2] Following the remand, the trial court held the ***Grazier*** hearing, and the trial court permitted Conyers to proceed *pro se*.  In addition, the court filed a Pa.R.A.P. 1925(a) opinion, addressing the sentences imposed on all five dockets.

In 2017, this Court decided Conyers' appeal from his 2016 sentence, and found merit to his legality of sentence claims.  In that decision, we noted:

> In its September 1, 2017 Rule 1925(a) Opinion, the trial court conceded that [Conyers] is serving at least one illegal sentence, a mandatory minimum sentence, imposed at No. CP-10-CR-0000686-2013, of 36 to 72 months' incarceration.  Trial Court Opinion, dated 9/1/17, at 2-3. The trial court also acknowledged two additional errors related to [Conyers'] resentencing. ***Id.***  As a result, the trial court requested that this Court "remand these cases to the Court of Common Pleas for resentencing." ***Id.*** at 3.

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

*Conyers*, unpublished memorandum at 8. We agreed that remand was appropriate "to provide the trial court with the opportunity to rectify several errors at a resentencing hearing on all five dockets, consistent with the dictates of *Alleyne* and its progeny." *Id.* The panel thus vacated Conyers' judgments of sentence and remanded for resentencing. *Id.*

The trial court held a new sentencing hearing on February 12, 2018. At the beginning of the 2018 proceeding, the trial court acknowledged that, at Conyers' 2016 resentencing, it "frankly got some of the numbers mixed up and didn't appropriately sentence him." N.T., 2/12/18, at 3. The court stated its intention to sentence within the standard range of the guidelines at each docket. *Id.*

The trial court then asked Conyers' counsel, whom the court had previously appointed as Conyers' PCRA counsel, if he wished to present any additional information. *Id.* Counsel requested the sentencing memorandum that had been prepared when Conyers was originally sentenced in 2013 be incorporated into the record. Conyers, via video conference, then testified and gave the court an update as to programs and classes he had completed or was waiting to attend while incarcerated. *See* N.T., 2/12/18, at 4. When asked by the trial court, the Commonwealth stated that it had nothing to add. *Id.*

The trial court then imposed the following new sentences:

> THE COURT: Okay. Well, let's start with 683 of 2013. It's a count of possession with intent to deliver. And I believe the initial sentence we'll resentence now. Cost of

prosecution. Fine of $30,000. Undergo imprisonment of not less than 21 months nor more than 42 months with the Bureau of Corrections. You'll receive credit for time served as allowed by law. And this sentence is consecutive with any other sentence.

And the next sentence is 684 of 2013. That's [a] charge of delivery of a controlled substance. The standard guideline range for this sentence is 12 to 18 months minimum. So, the sentence of the Court in this case is cost[s] of prosecution. $250 fine. Undergo imprisonment not less than 12 months nor more than 24 months with the Bureau of Corrections. Credit for time served as allowed by law. And this sentence will be concurrent with any other sentence.

And the next one is 685 of 2013. Delivery of a controlled substance. Standard guideline range for this case is a minimum of 12 to 18 months. The sentence the Court will issue is cost[s] of prosecution. $250 fine. Undergo imprisonment of not less than 12 months nor more than 24 months with the Bureau of Corrections. Credit for time served as allowed by law. This sentence is concurrent with any other sentence.

The next sentence is 686 of 2013. Delivery of a controlled substance. The guidelines for this sentence is 18 to 36 months. And the sentence of the Court will be costs of prosecution. $10,000 fine. Undergo imprisonment not less than 18 nor more than 36 months with the Bureau of Corrections. Credit for time served as allowed by law. And this will be consecutive with any other sentence.

And then the final case is 1004 of 2013. That's a former convict not to own a firearm. The guidelines are a minimum sentence of 42-54 months. The sentence at count one, cost[s] of prosecution. $100 fine. [42] to 84 months at the Bureau of Corrections. Count two is possession with intent to deliver. The guidelines for this case is a minimum of 42 months to 54 months. The sentence of the Court will be cost[s] of prosecution. A fine of $100. Undergo imprisonment not less than 54 months nor more than 100 months with the Bureau of Corrections. And that will be consecutive to any other sentence.

So the aggregate sentence today that [Conyers] will be getting will be a minimum of 135 months [( 11¼ years)] to [a] maximum of 270 months [(22 ½ years)]. And then parole jurisdiction is with the Pennsylvania Bureau of Probation and Parole. And following sentence you would have 30 days to file an appeal to the Superior Court.

N.T., 2/12/18, at 5-6 (paragraph breaks added). Upon the court's inquiry, the parties had nothing to add, and the resentencing proceeding concluded. *Id.* at 6.

This timely *pro se* appeal followed.[3] Both Conyers and the trial court have complied with Pa.R.A.P. 1925. Conyers raises the following three issues in his brief:

1. Is Conyers entitled to be resentenced again insofar as the sentences imposed on February 12, 2018 failed to comport with the Superior Court's directives of October 17, 2017 with respect to sentencing Conyers in consonance with *Alleyne* and its progeny; and Pa.R.Crim.P. 590(B); whereas the extra five years is in contravention by elevation of the floor by 5 years and the ceiling by two years?

2. Is Conyers entitled to be resentenced again insofar as he was not physically present (*in personam*) at sentencing, diverting paperwork to prior counsel; Conyers' due process rights were curtailed by not being able to be present at all stages of trial, and to act *pro se* as court ordered by the trial court?

---

[3] On or about March 14, 2018, Conyers filed his single notice of appeal that included all five-docket numbers. Thus, our Supreme Court's decision in *Commonwealth v. Walker*, which was decided on June 1, 2018, and prospectively requires separate notices of appeal for each docket, is inapplicable, and does not bar his appeal.

3. Is Conyers entitled to be resentenced again insofar as the trial court's sentencing orders are abstruse and do not reflect the verbal sentence via video conference by the trial court; whereas the Court's statement of time to be served by Conyers?

*See* Conyers' Brief at 7.[4]    Conyers' supporting arguments are not the model of clarity.    Nevertheless, to the extent possible, we will discuss each of Conyers' sentencing claims individually.

In his first issue, Conyers challenges the legality of his 2018 sentence. "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa. Super. 2011) (citation omitted). "A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." *Id.* "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.*

Here, the trial court rejected Conyers' legality challenge:

At the hearing, on February 12, 2018, the trial court addressed each one of [Conyers'] five (5) cases, rectified several sentencing errors and sentenced in accordance with the October 17, 2017 Superior Court directive. Therefore,

---

[4] The Commonwealth did not file a brief. In addition, in its original Rule 1925(a) opinion, the trial court opined that it could not address Conyers' claims because he failed to request preparation of the 2018 resentencing transcript. Our review of the docket revealed that Conyers did so, and the 2018 transcript now appears in the certified record. In addition, the trial court has prepared a supplemental Rule 1925(a) opinion, which briefly addresses each issue enumerated above.

> there being no merit to [Conyers'] claim that his sentence is illegal, this issue should be dismissed.

Trial Court Opinion, 11/14/18, at 1. Our review of the sentencing transcript supports the trial court's conclusion.

In his argument in support of his first issue, Conyers does not specify sufficiently how his 2018 aggregate sentence was increased by five years on the minimum ("the floor") and by two years on the maximum ("the ceiling"). These increases are not evident from our review of the record. We believe he is simply mistaken about these numbers; alternatively, we find he has failed to adequately develop his argument.

As noted above, at the resentencing hearing, the trial court stated its intention to impose a standard range sentence at each count, without any mention of a mandatory minimum that was invalidated by the appellate cases applying the **Alleyne** decision to Pennsylvania's sentencing statutes. Further, to the extent Conyers believes the the trial court's changing certain sentences from concurrent to consecutive renders his sentence illegal under **Alleyne** and its Pennsylvania progeny, he is mistaken. **See** Conyer's Brief at 12 n.2.; 14 n.6. Indeed, Conyers' new aggregate minimum sentence is ¾ of a year lower than the aggregate minimum sentence the trial court originally imposed in 2013.[5] Moreover, Conyers' 2018 standard-range aggregate sentence clearly

---

[5] To the extent that Conyers references Pa.R.Crim.P. 590 and infers that his new aggregate sentence violates his plea agreement, this Court, in **Conyers**,

falls within the potential statutory maximum Conyers faced for his crimes, that is, an aggregate 160 years. ***See*** Guilty Plea Colloquy, 10/11/13, at 1. Conyers first claim of error fails.

In his second issue, Conyers asserts that his due process rights were violated when he physically was not present at the 2018 resentencing hearing, and only testified by video conference. The trial court found no merit to this claim:

> At the February 12, 2018 hearing, [Conyers] appeared via video. The scheduling order dated January 30, 2018 and docketed on February 7, 2018 states that "[c]ourt administration shall determine if [Conyers] wishes to be resentenced via video." The transcript of the February 12, 2018 hearing fails to indicate anywhere that [Conyers] and/or his counsel objected to appearing at [the] hearing via video. Therefore, as this issue, was not raised below, it was not preserved for appeal and must fail.

Trial Court Opinion, 11/14/18, at 1. We agree that this issue is not properly before us. ***See generally***, Pa.R.A.P. 302(a). Further, Conyers cites no

---

***supra***, has already determined that Conyers entered open pleas at the five dockets with no promises regarding sentencing. ***See Conyers***, ***infra***.

In addition, although Conyers argues an "appearance of reprisal" he does not properly develop this claim. ***See*** Conyers' Brief at 10; 18 n.10. Thus, we will not consider it further. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super 2007) (stating, "[t]his court will not act as counsel and will not develop arguments on behalf of an appellant"). The same holds true for Conyers' claim regarding the use of his prior convictions. ***See*** Conyers' Brief at 13 n.4.

authority for the proposition that appearance by video conference—when he fails to object—nevertheless violates his due process rights.[6] **See generally** Pa.R.Crim.P. 119. Thus, Conyers' second issue entitles him to no relief.

In his final issue, Conyers states that the above sentencing order is "abstruse," that is, difficult to understand, insofar as his award of credit for time served. **See** Conyers' Brief at 18-20. In support, he references certain exhibits he attached to his brief from the Pennsylvania Department of Corrections. As these documents do not appear in the certified record, we cannot consider them. **See generally**, **Commonwealth v. Kennedy**, 151 A.3d 1117 (Pa. Super. 2016). Moreover, our review of the record confirms the trial court's statement that "[t]he sentencing orders generated at [the] hearing accurately and clearly reflect what the trial court stated at the hearing." Trial Court Opinion, 11/14/18, at 1.[7]

More specifically, when imposing a new sentence at each docket, the trial court stated that Conyers was "entitled to credit for time served as allowed by law." To the extent Conyers disagrees with the Department of Corrections' calculation of credit for time served, the trial court has no authority to grant relief. Rather, the only procedural avenue by which a

---

[6] Given his failure to object to appearing by video conference, we find no merit to his claim regarding the presence of counsel.

[7] In a final footnote, Conyers' raises a merger issue, claiming that all of the underlying dockets arose from the "same event." Conyers' Brief at 20 n.12. We will not consider this undeveloped argument. **Hardy**, **supra**.

criminal defendant can  pursue a claim alleging that the Department of Corrections miscalculated his credit for time served is by filing a separate lawsuit in Commonwealth Court. **See generally**, ***Commonwealth v. Wyatt***, 115 A.3d 876 (Pa. Super. 2015).

Having found no merit to any sentencing issue raised by Conyers, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/15/2019