J-S60005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY PATRICK SHORT, | |
| Appellant | No. 3496 EDA 2015 |

Appeal from the Judgment of Sentence October 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001152-2011

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED October 6, 2016**

Appellant, Harvey Patrick Short, appeals from the judgment of sentence entered on October 20, 2015, following the revocation of his probation.  We affirm.

The trial court set forth the relevant facts and procedural background of this matter as follows:

> On May 9, 2011[, Appellant] entered a nolo contendere plea to the charge of Robbery.  The Court sentenced [Appellant] to 18 to 36 months imprisonment in a state correctional facility followed by 7 years consecutive state probation.  [Appellant] maxed out his jail time and was released on probation on February 26, 2014.  On August 31, 2015[, Appellant] plead guilty in a new case to Criminal Attempt, Theft from Motor Vehicle and Criminal Mischief.  He was sentenced to time served

---

[*]  Retired Senior Judge assigned to the Superior Court.

to 23 months confinement along with a year of probation on that case.

On October 20, 2015 after a Gagnon II hearing,[1] the Court found [Appellant] guilty of violating the terms of his probation and sentenced him to one to four years in a state correctional facility. [Appellant] filed a timely appeal. In his rambling 1925(b) statement [Appellant] alleges numerous procedural defects which he asserts entitles him to have his sentence vacated. [Appellant's] contentions lack merit.

---

[1] This Court has explained **Gagnon** hearings as follows:

In **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing.

When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made.

**Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa.Super.2001). The **Gagnon II** hearing requires two inquiries: (1) whether the probationer has in fact violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation." **Id**. (quoting **Gagnon, supra** at 784, 93 S.Ct. 1756).

**Commonwealth v. Heilman**, 876 A.2d 1021, 1026-1027 (Pa. Super. 2005).

Trial Court Opinion, 1/19/16, at 1-2 (internal footnote omitted) (footnote added).

While it appears that Appellant was represented by counsel throughout the revocation and resentencing process, Appellant filed a *pro se* post-sentence motion to modify sentence on October 28, 2015. It is not clear from the record if this motion was forwarded to counsel. **See Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (holding that where a criminal defendant is represented by counsel, "the proper response to any *pro se* pleading is [for the court] to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion"). However, there is no counseled post-sentence motion in the record and no order disposing of a post-sentence motion.

On November 18, 2015, Appellant filed a timely *pro se* notice of appeal. That same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The docket indicates that the trial court served this order on Appellant's counsel of record, Attorney Dawn Sutphin. Appellant filed his Pa.R.A.P. statement *pro se* on November 30, 2015. Ultimately on February 10, 2016, the trial court appointed current counsel, Attorney Joseph Lesniak, to represent Appellant in the instant appeal; however, Attorney Lesniak did not seek permission to file a post-sentence motion *nunc pro tunc* or pursue a motion to file an amended Pa.R.A.P. 1925(b) statement.

In this appeal, Appellant presents a single issue in his counseled brief:

Whether the trial court erred because the record failed to indicate any cognizance or consideration of the statutory sentencing criteria, rendering the sentence illegal, and harsh and excessive under the circumstances?

Appellant's Brief at 5 (full italicization omitted).

Our standard of review is well settled:

When we consider an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000). Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. McNeal*, 120 A.3d 313, 322 (Pa. Super. 2015) (internal quotation marks omitted).

On review, it appears that Appellant's issue is, in fact, two issues. Appellant challenges both the legality and the discretionary aspects of his sentence following the revocation of probation. We point out that no argument concerning the legality of the sentence is developed in Appellant's brief; however, because the legality of a sentence is non-waivable and may be addressed by this Court *sua sponte*, *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013), we shall, in an abundance of caution, address the legality of Appellant's sentence.

- 4 -

"When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." ***Commonwealth v. Bowers***, 25 A.3d 349, 352 (Pa. Super. 2011) (citation omitted). "A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." ***Id***. (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." ***Id***. (citation omitted).

Here, Appellant was convicted of robbery graded as a felony of the first degree. As noted above, the trial court sentenced Appellant to a term of eighteen to thirty-six months of incarceration followed by seven years of probation. At the time of resentencing following revocation of probation, the sentencing court is limited only by the maximum sentence it could have ordered at the time it imposed in the sentence of probation. ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). Additionally,

> Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal.

*Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010) (citation omitted). A first-degree felony carries a statutory maximum sentence of twenty years. 18 Pa.C.S. § 1103(1). Thus, because Appellant had already served three years of imprisonment, the trial court could have imposed the statutory maximum sentence of eight and one-half to seventeen years of incarceration. Therefore, the imposition of a twelve-to-forty-eight-month sentence at the time of revocation was well within the statutory limits. Accordingly, Appellant's sentence was legal, and there was no error of law.

Next, Appellant argues that his sentence was excessive and that the sentencing court failed to consider factors set forth in 42 Pa.C.S. § 9771 concerning sentences imposed following the revocation of probation. These issues are challenges to the discretionary aspects of Appellant's sentence. *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa. Super. 2006); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa. Super. 2002).

As this Court clarified in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's

scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Cartrette***, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Moury**, 992 A.2d at 170 (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)). In addition, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Pa.R.Crim.P. 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal. However, our review of the certified record reflects that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise the claim either at the sentencing proceeding or by means of a post-sentence motion. As noted above, Appellant filed a *pro se* post-sentence motion; however, because he was represented by counsel, that *pro se* motion was of no effect. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (providing that a defendant's *pro se* filings while represented by counsel are legal nullities).[2] Moreover, once current counsel was appointed, he did not file a petition seeking permission to file a post-sentence motions *nunc pro*

_____

[2] Assuming, *arguendo*, that we were to find that Appellant's *pro se* post-sentence motion properly preserved his challenge to the discretionary aspects of his sentence, we would conclude that no relief is due. In the *pro se* motion filed on October 28, 2015, Appellant alleges that the trial court, in violation of Pa.R.Crim.P. 708(D)(2), failed to state its reasons for the sentence imposed. While this allegation could arguably be construed as presenting a substantial question, were it considered in conjunction with the standards set forth in 42 Pa.C.S. § 9721 (which was not raised), the issue is meritless. The trial court, who was personally involved at different phases of Appellant's case, took care to evaluate the facts and Appellant's history and crafted a sentence that focused on Appellant's mental health needs. N.T., 10/20/15, at 8-12. Moreover, the sentencing court's statement of reasons for a sentence imposed after probation revocation need not be as lengthy or elaborate as the reasons announced at the defendant's initial sentencing because the judge is already fully informed of the circumstances of the crime and the nature of the defendant. **Commonwealth v. Pasture**, 107 A.3d 21, 28 (Pa. 2014).

*tunc*. Accordingly, Appellant has not preserved this challenge, and we deem this issue to be waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016