J-S69037-19 & J-S69038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BAIHEEM GRESHAN :
:
Appellant : No. 328 EDA 2019

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002458-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BAIHEEM GRESHAN :
:
Appellant : No. 331 EDA 2019

Appeal from the PCRA Order Entered January 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008824-2014

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED APRIL 08, 2020**

Appellant, Baiheem Greshan, appeals from orders of the Court of

Common Pleas of Philadelphia County (trial court) in two criminal proceedings

that dismissed his petitions for relief pursuant to the Post Conviction Relief Act

_____

[*] Retired Senior Judge assigned to the Superior Court.

(PCRA)[1] without a hearing. Counsel for Appellant has filed applications to withdraw and briefs concluding that these appeals present no issues of any arguable merit. After careful review, we deny the applications to withdraw and order appellate counsel to submit advocate's briefs or new no-merit letters within 30 days of the date of this memorandum.

The PCRA petitions here sought relief from revocation of probation sentences imposed in two separate criminal cases, CP-51-CR-0002458-2012 (CR-2458-2012) and CP-51-CR-0008824-2014 (CR-8824-2014). In CR-2458-2012, Appellant entered a negotiated guilty plea on June 26, 2012 to one count of manufacture, delivery or possession with intent to deliver a controlled substance (PWID)[2] and was sentenced to $11^{1}/_{2}$ months to 23 months of incarceration followed by 3 years of probation. In CR-8824-2014, Appellant entered a negotiated guilty plea on March 31, 2015 to aggravated assault and possession of an instrument of crime,[3] and was sentenced to $11^{1}/_{2}$ months to 23 months of incarceration followed by 4 years of probation for aggravated assault and 4 years of probation for possession of an instrument of crime consecutive to the imprisonment sentence and concurrent with the period of probation for the aggravated assault.

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 2702(a) and 18 Pa.C.S. §907(a), respectively.

Appellant had completed serving the $11^1/_2$-to-23 month incarceration portion of his sentence and was serving the 3-year probation sentence in CR-2458-2012 at the time he committed the aggravated assault and possession of an instrument of crime in June 2014. **See** CR-2458-2012 **Gagnon II**[4] Summary, 8/13/14. The trial court on March 31, 2015 revoked Appellant's probation in CR-2458-2012 and sentenced Appellant to 5 years' probation. CR-2458-2012 Probation Revocation Order, 3/31/15.

On November 2, 2015, the trial court found Appellant to be in violation of his probation in CR-2458-2012 and revoked his probation and sentenced him to $11^1/_2$ months to 23 months of incarceration followed by 5 years of probation. CR-2458-2012 Probation Revocation Order, 11/2/15. The trial court also entered an order in CR-8824-2014 revoking Appellant's probation and sentencing him to $11^1/_2$ months to 23 months of incarceration followed by 5 years of probation for aggravated assault and 4 years of probation for possession of an instrument of crime.[5] CR-8824-2014 Probation Revocation Order, 11/2/15. In both cases, Appellant was paroled from his incarceration

_____

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[5] Appellant was still on parole in CR-8824-2014 and had not yet begun serving the probation portion of his sentence at this time. That fact, however, did not affect the trial court's power to revoke his probation and impose a new sentence in lieu of the probation portions of his sentence. **Commonwealth v. Ware**, 737 A.2d 251, 253-54 (Pa. Super. 1999) (court may revoke the probation portion of a split sentence and impose a new sentence based on conduct that occurs while defendant is still on parole from the incarceration portion of the sentence).

sentences and the maximum date of his incarceration sentences was September 20, 2017. CR-2458-2012 *Gagnon II* Summary, 5/6/16; CR-8824-2014 *Gagnon II* Summary, 5/6/16.

On October 12, 2017, Appellant entered a negotiated guilty plea in a third case, CP-51-CR-0000389-2017 (CR-389-2017), to charges of intimidating a witness, retaliating against a witness, and terroristic threats, and was sentenced to $11^1/_2$ months to 23 months of incarceration followed by 4 years of probation for intimidating a witness and retaliating against a witness and 4 years of probation for terroristic threats.[6] N.T., 10/12/17, at 4-10. Based on Appellant's guilty plea in CR-389-2017, the trial court on October 12, 2017 entered orders revoking Appellant's probation in CR-2458-2012 and CR-8824-2014. In CR-2458-2012, the trial sentenced Appellant to 5 to 10 years of incarceration followed by 5 years of probation. CR-2458-2012 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. In CR-8824-2014, the trial court imposed consecutive sentences of incarceration of 3 to 6 years for aggravated assault and $2^1/_2$ to 5 years for possession of an instrument of crime. CR-8824-2014 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. The trial court ordered that the sentences in CR-8824-2014 run consecutive to the incarceration sentence in CR-2458-2012,

---

[6] At the time that he committed those offenses, Appellant was still on parole from the incarceration portions of his November 2015 violation of probation sentences. *See* footnote 5, *supra*.

- 4 -

resulting in an aggregate sentence in CR-2458-2012 and CR-8824-2014 of $10^1/_2$ to 21 years of incarceration and 5 years of probation. CR-8824-2014 Probation Revocation Order, 10/12/17; N.T., 10/12/17, at 11. At the hearing, the trial court based these sentences on what it believed to be the maximum legally permissible sentences and articulated no reason for imposing sentences of that length. N.T., 10/12/17, at 8-11.

On October 18, 2017, trial counsel for Appellant filed timely motions in both cases for reconsideration of these revocation of probation sentences. The trial court did not rule on the motions for reconsideration of sentence or grant an extension of time for decision, and the motions for reconsideration of sentence were denied by operation of law on March 27, 2018. CR-2458-2012 Docket Entries; CR-8824-2014 Docket Entries. Appellant did not file a direct appeal in either case.

On April 2, 2018, Appellant filed counseled PCRA petitions in both CR-2458-2012 and CR-8824-2014 alleging ineffective assistance of counsel. In both petitions, Appellant alleged that trial counsel was ineffective for failing to submit an order to vacate the sentence with the motion for reconsideration of sentence and failing to request a hearing on the motion and alleged that this caused the denial of the motions for reconsideration without consideration of the merits. CR-2458-2012 PCRA Petition Procedural History ¶11, Argument ¶¶10-11; CR-8824-2014 PCRA Petition Procedural History ¶11, Argument ¶¶10-11.

On December 10, 2018, the trial court held an argument on the PCRA petitions at which Appellant's PCRA counsel explained that the relief sought was the restoration of Appellant's right to seek reconsideration of the sentences. N.T., 12/10/18, at 4-5. The trial court acknowledged that trial counsel's failure to file rules to show cause to obtain hearings could be found to have caused the denial of the motions for reconsideration of sentence by operation of law, and the Commonwealth argued that the PCRA petitions should be denied solely on the ground that Appellant did not show prejudice. *Id.* at 5-6. On December 10, 2018, following the argument, the trial court issued notices in both cases pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petitions without a hearing on the ground that they were without merit. Appellant did not file a response to the trial court's Rule 907 order in either case.

On January 14, 2019, the PCRA entered orders dismissing the PCRA petitions. Appellant, represented by counsel, filed timely appeals from both orders. In August 2019, appellate counsel filed applications to withdraw in both appeals and filed and served on Appellant *Anders*[7] briefs in which he concludes that there is no ground for reversal of the dismissal of Appellant's PCRA petitions because Appellant cannot show that trial counsel's errors

---

[7] *Anders v. California*, 386 U.S. 738 (1967).

caused him prejudice. Appellant filed a *pro se* response to appellate counsel's briefs. The Commonwealth filed briefs in support of the PCRA court's orders.

Before this Court can consider the merits of these appeals, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. ***Commonwealth v. Freeland,*** 106 A.3d 768, 774 (Pa. Super. 2014); ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner in a collateral attack on his criminal conviction, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. ***Freeland,*** 106 A.3d at 774-75; ***Doty***, 48 A.3d at 454. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009); ***Commonwealth v. Turner***, 544 A.2d 927, 928-29 (Pa. 1988); ***Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011). If appellate counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016); ***Doty***, 48 A.3d at 454.

Here, counsel provided Appellant copies of his **Anders** briefs and letters advising Appellant of his right either to retain new counsel or proceed *pro se*. Counsel has also served his applications to withdraw on Appellant.[8] Although appellate counsel filed **Anders** briefs with this Court, rather than no-merit letters, an **Anders** brief can satisfy counsel's obligations provided that the brief contains all the information that must be included in a no-merit letter. **Widgins**, 29 A.3d at 817 n.2, 819. We therefore must evaluate whether counsel's **Anders** briefs adequately set forth the nature and extent of counsel's review of the case, each issue that the Appellant wishes to raise on appeal, and why each of those issues is meritless.

Appellate counsel's **Anders** briefs recite his review of the record and discuss the elements that Appellant was required prove to prevail on the only issue raised in his PCRA petitions. We conclude, however, that these briefs fail to adequately discuss whether Appellant can prove these elements and therefore fail to satisfy the requirements for granting his applications to withdraw.

As appellate counsel correctly states, to be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered

---

[8] While appellate counsel did not serve his applications to withdraw on Appellant when he filed them, he has subsequently done so.

prejudice as a result of counsel's action or inaction. ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015); ***Freeland,*** 106 A.3d at 775; ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The defendant must satisfy all three elements of this test to obtain relief under the PCRA. ***Mason***, 130 A.3d at 618; ***Freeland,*** 106 A.3d at 775, 777, 780; ***Stewart***, 84 A.3d at 706. Because the trial court did not hold that Appellant failed to satisfy the first two of these elements, the ***Anders*** briefs properly limit their discussion to the issue of prejudice.[9]

Appellate counsel, however, fails to demonstrate that Appellant cannot succeed in showing prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. ***Mason***, 130 A.3d at 618; ***Commonwealth v. Reaves***, 923 A.2d 1119, 1127 (Pa. 2007); ***Stewart***, 84 A.3d at 707. Where, as here, trial counsel's error is a failure to properly seek reconsideration of a sentence, the prejudice element requires that the

---

[9] Appellant's ***pro se*** response to counsel's ***Anders*** briefs does not show any deficiency in counsel's briefs. Appellant's only argument in that response is that his PCRA petitions were meritorious because trial counsel admitted that he failed to take the proper steps to have the motions for reconsideration of sentence heard on the merits. That goes only to the issue of whether trial counsel's performance was deficient, not to whether there was prejudice. Because there is no determination by the trial court or contention by appellate counsel or the Commonwealth that Appellant failed to show that trial counsel's performance was deficient, trial counsel's admission does not affect the analysis of whether the appeals are meritless.

defendant show a reasonable probability that the motion for reconsideration of sentence would have resulted in a reduced sentence. **Reaves**, 923 A.2d at 1132; **Commonwealth v. Presley**, 193 A.3d 436, 444-45 (Pa. Super. 2018).

The requirement of reasonable probability does not mandate proof that it is more likely than not that the outcome would in fact have changed. **Commonwealth v. Jones**, 210 A.3d 1014, 1018-19 (Pa. 2019); **Commonwealth v. Johnson**, 966 A.2d 523, 541 (Pa. 2009); **Stewart**, 84 A.3d at 707, 714-15 & n.5. Rather, a reasonable probability of a different result sufficient to show prejudice is a probability sufficient to undermine confidence in the outcome. **Jones**, 210 A.3d at 1019; **Commonwealth v. Postie**, 200 A.3d 1015, 1023 (Pa. Super. 2018) (*en banc*); **Stewart**, 84 A.3d at 707.

Here, appellate counsel bases his conclusion that Appellant cannot show prejudice on the fact that the trial court stated in its opinion it would have denied reconsideration of the sentences even if the motions were properly filed because the motions did not set forth a specific error in the sentences. **Anders** Briefs at 15; Trial Court Opinion at 6. The only case that appellate counsel contends holds that these facts preclude a finding of prejudice, however, is **Commonwealth v. Bryant**, 200 A.3d 605 (Pa. Super. 2018) (unpublished memorandum). **Anders** Briefs at 15-16. **Bryant**, as an unpublished decision of this Court filed prior to May 2, 2019, is not only non-precedential, but may not be cited or relied upon for its persuasive value.

Pa.R.A.P. 126(b); 210 Pa. Code § 65.37(B) ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding"); *Wenk v. State Farm Fire and Casualty Co.*, __ A.3d __, __ n.11, 2020 PA Super 26, at *20 n.11 (filed February 7, 2020). Counsel cannot base a conclusion that his client's claim is without merit on a non-precedential decision that cannot even be considered for its persuasive value.[10]

Moreover, counsel's *Anders* briefs do not evaluate whether the sentences were within legally permissible limits. Even if the motions for reconsideration of sentence lacked specificity, that would not have prevented trial counsel from raising a claim of illegality of sentence at a hearing on the motions or prevent Appellant from arguing that issue as a ground for prejudice

---

[10] While appellate counsel also cites to the Supreme Court's *Reaves* decision in his briefs, he neither asserts that *Reaves* forecloses proof of prejudice here nor discusses whether *Reaves* is distinguishable from the facts surrounding Appellant's sentences, which were maximum sentences imposed without any explanation of reasons for their length at the time they were imposed or in the trial court's opinion.

in this appeal.  A claim that a sentence is illegal is not subject to waiver and may be raised for the first time on appeal and by this Court, provided that the Court has jurisdiction to consider an appeal from that sentence. **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889 (Pa. Super. 2019); **Commonwealth v. Bowers**, 25 A.3d 349, 352 (Pa. Super. 2011).  "The legality of a criminal sentence is non-waivable, and this Court may 'raise and review an illegal sentence *sua sponte*.'"  **Pi Delta Psi, Inc.**, 211 A.3d at 889 (quoting **Commonwealth v. Muhammed**, 992 A.2d 897 (Pa. Super. 2010)).

In CR-2458-2012, the record on its face presents a serious question as to whether the trial court's 2017 revocation of probation sentence exceeded the maximum sentence for the single PWID conviction at issue.  The combined incarceration and probation portions of a revocation of probation sentence cannot exceed the statutory maximum for the crime for which the original probation sentence was imposed.  **Commonwealth v. Crump**, 995 A.2d 1280, 1283-84 (Pa. Super. 2010).  In addition, the new sentence is illegal if it and the prior incarceration sentences that the defendant has served for the offense together exceed the statutory maximum.  **Commonwealth v. Williams**, 662 A.2d 658, 659 (Pa. Super. 1995).  The trial court imposed a sentence of 5 to 10 years of incarceration followed by 5 years of probation in CR-2458-2012, based on an assumption that Appellant was subject to a maximum sentence of 20 years.  N.T., 10/12/17, at 8, 11.  In contrast, Appellant's written guilty plea colloquy in CR-2458-2012 states that the

maximum sentence for the PWID charge to which he was pleading guilty was 10 years. CR-2458-2012 Written Guilty Plea Colloquy at 1. Absent an analysis by appellate counsel of what the applicable statutory maximum is and a demonstration that it is greater than 15 years plus the two 23-month incarceration sentences already imposed for this offense, it cannot be concluded that Appellant is unable to show prejudice from trial counsel's failure to properly seek reconsideration of his sentence in CR-2458-2012.

For the above reasons, we deny appellate counsel's applications to withdraw and order him to file, within 30 days of the date of this memorandum, advocate's briefs or no-merit letters that adequately explain why Appellant's ineffective assistance of counsel claim is without merit. The Commonwealth shall have 30 days from those filings to respond.[11]

Applications to withdraw denied. **Anders** briefs stricken. Appellant's counsel ordered to file advocate's briefs or new no-merit letters within 30 days of the date of this memorandum. The Commonwealth may file briefs within 30 days of Appellant's counsel's briefs or no-merit letters. Panel jurisdiction retained.

---

[11] If the Commonwealth chooses to not file briefs in response, the Court requests that the Commonwealth promptly send a letter to the Prothonotary advising the Court that no briefs will be filed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/8/20</u>