J-A29023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT ALLEN KILEY | : | |
| | : | |
| Appellant | : | No. 637 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 1, 2019,
in the Court of Common Pleas of Juniata County,
Criminal Division at No(s):  CP-34-CR-0000128-2017.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 23, 2021**

Scott Allen Kiley appeals from the judgment of sentence imposed following remand from this Court.  We affirm.

On March 12, 2018, Kiley pled guilty to possession of precursor substances with intent to unlawfully manufacture a controlled substance ("PPS"), operating a methamphetamine lab ("OML"), and risking a catastrophe.[1]  He also pled guilty to manufacturing a controlled substance

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113.1(a)(3) 780-113.4(a)(1), and 18 Pa.C.S.A. § 3302(b), respectively.

("MCS").[2]  These charges arose after law enforcement went to Kiley's residence on June 12, 2017 to question him and his wife about the excess purchase of Pseudoephedrine, a common cold remedy.  As part of this interaction, a member of the Pennsylvania State Police observed what he believed to be the operation of a methamphetamine laboratory.

The PCRA court summarized the procedural history as follows:

> On June 5, 2018, [Kiley] was sentenced to a 4-10 years for [MCS], 2-10 years for [OML], and 1-2 years for [PPS]. Those sentences were to run Concurrent to one another. [Kiley] also received a sentence of 1-2 years for Risking Catastrophe, for a total sentence of 5-12 years of incarceration.
>
> [Kiley] filed his Notice of Appeal on July 24, 2018, and his Statement of [Errors] Complained Of on August 15, 2018. [Kiley] argued that his sentence was greater than the 36-48 months he thought he pled to, [his risking a catastrophe conviction] should have merged with one of the other charges for sentencing purposes, and the consecutive sentence for [risking a catastrophe] amounts to an excessive sentence in the aggravated range, which [was] against [the pre-sentence report's] recommendations.

Trial Court Opinion, 5/4/20, at 1-2.

---

[2] **See** 35 P.S. § 780-113(a)(30).  As we explained in our prior opinion in this case, this offense is usually abbreviated "PWID." **Commonwealth v. Kiley**, 216 A.3d 1123, 1125 n.2 (Pa. Super. 2019).  However, given our review of the record, it was "clear that [Kiley's] plea was based entirely on his manufacture of methamphetamine in his home, for personal use." **Id.** Because "[t]here was no evidence of delivery or intent to deliver, [] for clarity," we referred to this charge as "manufacture of a controlled substance." **Id.**

Following the trial court's denial of Kiley's post-sentence motion, he filed a timely appeal to this Court. In a published opinion filed on August 9, 2019, we rejected Kiley's claim that his sentence exceeded the scope of his negotiated plea agreement. **Commonwealth v. Kiley**, 216 A.3d 1123, 1126-27 (Pa. Super. 2019). This Court also rejected Kiley's claim that his risking a catastrophe conviction merged with any of his other convictions. Nevertheless, we found, *sua sponte*, that Kiley was "in fact, subject to an illegal sentence under the doctrine of merger." **Id.** at 1128. After discussing the elements of each offense, we concluded:

> Based on the facts of this case, in sum and substance, [MCS] contains all of the elements of [OML]. [Kiley's] convictions arose from a single criminal act and [MCS] contains all of the elements of [OML] lab; therefore, these offenses merge for sentencing purposes.

**Id.** at 1129. In addition, because our conclusion upset the trial court's sentencing scheme, we did not address his discretionary aspect claim, and remanded for resentencing. **Id.**

Following remand, the trial court held a new sentencing hearing on October 1, 2019. At the conclusion of the hearing, the trial court resentenced Kiley as follows: 16 months to 3 years for PPS; 14 months to 3 years of incarceration for his risking a catastrophe conviction; and 21 months to 6 years of incarceration for his OML conviction. In accordance with our remand, the trial court found that Kiley's MCS conviction merged for sentencing

purposes. The trial court imposed all of these sentences consecutively, resulting in an aggregate sentence of 51 months to 12 years of incarceration.

Kiley filed a timely post-sentence motion, which was denied by operation of law. This timely appeal followed.[3] Both Kiley and the trial court have complied with Pa.R.A.P. 1925.

Kiley now raises the following issues:

> A. Should the sentence imposed for possession of a precursor/residue substance have merged with another count set forth in the information?
>
> B. Did the consecutive sentences for [each conviction] raise the aggregate sentence to an unreasonably excessive level in light of the conduct at issue in this case and [Kiley's] mitigating circumstances?

Kiley's Brief at 6 (excess capitalization omitted).

In his first issue, Kiley raises a claim of statutory merger pursuant to 42 Pa.C.S.A. section 9765, which reads as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

_____

[3] This Court has held that court breakdown occurs when the trial court fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). **See generally**, **Commonwealth v. Patterson**, 940 A.2d 493 (Pa. Super. 2007). Here, the clerk of courts did not enter an order denying post-sentence motions until April 2, 2020. Kiley timely filed his appeal within thirty days of this date.

42 Pa.C.S.A. § 9765. A question of sentencing merger involves the legality of a sentence. "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa. Super. 2011) (citation omitted), *abrogated on other grounds*, *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020).

As we stated in Kiley's prior appeal:

> It is undisputed that all of the charges to which [Kiley] pled guilty arose from a single criminal act, *i.e.*, [Kiley's] production of methamphetamine in his home. However, "there is no merger if each offense requires proof of an element the other does not." *Commonwealth v. Quintua*, 56 A.3d 399, 401 (Pa. Super. 2012).

*Kiley*, 216 A.3d at 1127.

In his brief, Kiley contends that the sentence imposed for PPS should have merged with his sentence for OML. We first cite the elements for each crime.

The offense of PPS prohibits "[p]ossessing [pseudoephedrine or a different] precursor substance with intent to unlawfully manufacture a controlled substance." 35 P.S. § 780-113.1(a)(3). The offense of OML is defined as follows:

> (a)(1) A person commits the offense of operating a methamphetamine laboratory if the person knowingly causes a chemical reaction involving [pseudoephedrine] or any other precursor or reagent substance under [35 P.S. section 780-113.1], for the purpose of manufacturing methamphetamine or preparing a precursor or reagent substance for the manufacture of methamphetamine.

- 5 -

35 P.S. § 780-113.4(a)(1).

In arguing that these two crimes merge, Kiley asserts that "[i]t makes sense (both legal and common) for [PPS] [to] merge with [OML]" because OML "also proscribes possessing the precursor substances with intent to manufacture a controlled substance." Kiley's Brief at 11, 21.

In Kiley's prior appeal we rejected Kiley's claim that his risking a catastrophe conviction merged with one of his other charges for sentencing purposes. **See Kiley**, 216 A.3d at 1127-28. In fact, applying the doctrine of statutory merger, we concluded that Kiley's MCS should have merged with his OML conviction for sentencing purposes. **Id.** at 1129. At that time, we had the opportunity to consider *sua sponte* whether other charges should have merged for sentencing purposes but found none. **See also Commonwealth v. Hardik**, No. 16 WDA 2019 (Pa. Super. 2020), unpublished memorandum at 14 (remanding for resentencing based upon this Court's holding in **Kiley** that MCS merges with OML, but not addressing merger with regard to the consecutive sentence imposed for possession of precursor materials).

Here, we are presented with the specific issue of whether Kiley's PPS conviction merges for sentencing purposes with his conviction for OML. We find that they do not. In his prior appeal, this Court rejected Kiley's claim that his risking a catastrophe conviction should have merged with his conviction for [PPS]: "Specifically, risking a catastrophe includes the element of actual **employment** of dangerous means—in this case, chemicals—not just their possession." **Kiley**, 216 A.3d at 1128. Likewise, here, the definition of OML

does not specifically criminalize the possession of the precursor substances, but rather, criminalizes causing a chemical reaction or preparing precursor materials for the manufacture of methamphetamine. Section 780-113.4(a)(1). Thus, we find crimes of PPS and OML do not merge for sentencing purposes. Kiley's first claim fails.[4]

In his second issue, Kiley challenges the discretionary aspects of his new sentence. "It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Austin**, 66 A.3d 798, 807–08 (Pa. Super. 2013) (citation omitted).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f) ]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code . . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Id.** (citation omitted).

Our review of the record reveals that Kiley filed a timely appeal, preserved his sentencing claim in a post-sentence motion, and specified the reasons for his challenge to the discretionary aspects of sentence in a separate

---

[4] Within his argument on this issue, Kiley argues in the alternative that his PPS conviction should have merged with his MCS conviction. We reject this claim for the same reasons we rejected Kiley's claim that his PPS conviction should have merged with his OML conviction.

- 7 -

statement as required under Pa.R.A.P 2119(f). Accordingly, we must determine whether he has raised a substantial question for our review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

In his Rule 2119(f) statement, Kiley asserts that he "appeals his consecutive part of a sentence for making a batch of methamphetamine utilizing the 'one-pot' method at home." Kiley's Brief at 14. He further argues that his aggregate sentence of 4½ [sic] to 12 years of incarceration "is contrary to the norms underlying the sentencing process because the sentence is unduly harsh and excessive and does not properly consider the mitigating factors and [his] rehabilitative needs as required by 42 Pa.C.S. §9721(b)." *Id.*[5] According to Kiley, the trial court "did not justify the lengthy period of incarceration imposed." *Id.* at 15.

These claims raise a substantial question. *See*, *e.g.*, *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (finding claim that imposition of consecutive sentences was unduly excessive, together with a claim that the sentencing court failed to consider a defendant's rehabilitative

---

[5] Kiley's aggregate resentence minimum was 51 months or 4¼ years of imprisonment.

needs raises a substantial question). Thus, we will review the merits of Kiley's sentencing claim.

Our standard of review when deciding a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely to be an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shull*, 148 A.3d 820, 831 (Pa. Super. 2016) (citation omitted).

At the re-sentencing hearing, the trial court referred to the original pre-sentence report and stated that it had "read it multiple times here again." N.T., 10/1/19, at 6. Additionally, the court stated that it would incorporate "everything from the last sentencing," and that it had reviewed the original sentencing transcript. *Id.* at 13-15. The trial court heard argument from defense counsel and the Commonwealth. Kiley also addressed the court.

The court then made the following comments:

> All right. [Kiley you have] done some nice things since you've been in prison. Then, again, I guess you had a choice, but you really have nothing else to do besides those classes, et cetera, while you're there. I'm actually more impressed with the fact there's been no write-ups.
>
> The problem you have is what you did is still what you did from the last time we were here at sentencing. And I can tell that there's no doubt that I think this is - - these are more serious offenses than I think what you or [defense

counsel] think. Meth is extremely dangerous. That's why these charges and the guidelines are so high. They incorporate that and reflect that. And so, as Superior Court noted, the sentencing scheme has changed, not really the facts or the circumstances, but the sentencing scheme has changed. The only facts that have changed are the things that you have done since you've been in prison. But other than that, the facts of the case are still the same as last time.

N.T., 10/1/19, at 22-23.

The trial court then imposed each sentence for the charges consecutively. The court further explained:

I didn't want to go higher than my original maximum. My problem when I restructured, I had to increase the tails on a couple of the charges to make that happen.

\*\*\*

At sidebar, we just talked a little bit about the fact that I increased the sentence on a couple of the original charges, but I kept the overall sentencing scheme less than it was before. And it was brought to me - - and I agree - - that there is case law that says coming back, you can't increase sentences. Well, actually, in my opinion, I decreased the sentence today overall from what it was before but changed the individual charges to accommodate that.

*Id.* at 26-27.

The trial court further agreed with defense counsel that this Court did not address the discretionary aspects of Kiley's sentence in his prior appeal. The trial court noted:

As far as discretionary aspects of sentencing, I will say everything is within the standard range. In accordance with the Superior Court Opinion nothing else merged; and I am cognizant of the fact that individual sentences have increased. One was decreased. The overall sentence was

- 10 -

> decreased. So, you know, I think it's somewhat six of one half dozen of another. I think if Superior Court's intent was everything had to stay the same except for that, they could have just said that it mergers and wiped out the 4 to 10-year sentence and that would have been the end of it, and there would have been no need to send it back. That's my opinion of it. Maybe the two of you and the Superior Court may disagree again. I don't know. I'm sure we'll find out.

N.T., 10/1/19, at 29.

This Court has held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). Under such circumstances, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Id.* (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Here, in addition to the original pre-sentence report, the trial court considered Kiley's conduct while incarcerated.

Our review of the original sentencing and re-sentencing transcripts reveals that the trial court considered Kiley's mitigating circumstances, but explained why it decided to run all of Kiley's sentences consecutively upon resentencing. In short, the court wanted to keep its maximum sentence the same, but actually reduced the aggregate minimum sentence by nine months. In choosing to do so, the court ran the sentences for each offense consecutively. We discern no abuse of discretion.

In sum, Kiley's new consecutive sentence was neither illegal nor excessive. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021